UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW BRACKEN,<br><br>        Plaintiff,<br><br>        v.<br><br>MH PILLARS INC. d/b/a PAYZA and OBOPAY INC. d/b/a OBOPAY f/k/a ULTRALIGHT FS,<br><br>        Defendants. | Case No.: 15-CV-7302<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

For his Complaint against Defendants MH Pillars Inc. d/b/a Payza ("Payza") and Obopay Inc. d/b/a Obopay f/k/a Ultralight FS ("Obopay") (collectively "Defendants"), Plaintiff Andrew Bracken ("Plaintiff") states and avers as follows:

## NATURE OF ACTION

1. This is an action for fraud, negligent misrepresentation, tortious interference, breach of contract, promissory estoppel/unjust enrichment, and conversion arising out of Defendants facilitating payment transactions from Plaintiff's customers for Plaintiff's products and then refusing to pay that money to Plaintiff or his former company.

## THE PARTIES

2. Plaintiff is a Colorado citizen who has legal entitlement to a corporate Payza account that was established during his ownership and/or management of Bidxcel, LLC ("Bidxcel"). Bidxcel is now dissolved.

3. Payza is a UK company doing business throughout the United States with a registered agent in the State of New York. Payza's website indicates that its clients should

"Get Paid" online.  www.Payza.com.  Payza functions similarly to the more widely known "PayPal" in allowing users to transfer and accept funds for both personal and business purposes.  Payza targeted small businesses and owners, like Bidxcel and Plaintiff, for its services.

4. Obopay is a bank and/or money transfer service with its primary place of business in the United States located in California.  http://www.obopay.com.  Obopay does business throughout the United States and is or was the primary bank that holds funds for Payza's users, including the funds to which Plaintiff is entitled in this action.

## JURISDICTION

5. This Court has general personal jurisdiction because Defendants do business throughout the United States.  This Court also has specific personal jurisdiction over Defendants in New York because: (1) Payza is located there and many of Defendants' wrongful acts occurred in New York; and (2) any wrongdoing by Obopay occurred in New York through its relationship with Payza; (3) Payza and Obopay transact business within the State of New York.

6. This Court has subject matter jurisdiction because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

## FACTS RELEVANT TO ALL CLAIMS

7. On or around Fall 2012, Plaintiff through Bidxcel established an account with Payza.  Plaintiff did so to allow Bidxcel's customers to conduct online transactions to purchase Bidxcel's offered products online.

8.      As of today, the account has reached a balance of approximately $38 871.30, based on purchases made by customers for Bidxcel's products.  Plaintiff paid Defendants a transaction fee for each and every purchase and/or money transfer at issue.

9.      Plaintiff and/or Bidxcel repeatedly requested that the balance in the account be paid to Bidxcel and/or to Plaintiff personally.   Plaintiff and/or Bidxcel made clear to Defendants that the money was required for Plaintiff and/or Bidxcel to remain in business, and subsequently, in order to dissolve and wind down Bidxcel's affairs.

10.     After providing confirmation to Payza that the funds should be released to Bidxcel and/or Plaintiff, Payza refused to do so because the funds were apparently frozen due to a Department of Justice Investigation and through no fault of Bidxcel or Plaintiff. [http://www.justice.gov/usao-dc/victim-witness-assistance/obopay-payza](http://www.justice.gov/usao-dc/victim-witness-assistance/obopay-payza).           Payza improperly blamed the entire situation on Obopay.

11.     The relationship between Payza and Obopay was symbiotic.  On or around early 2012, Payza selected Obopay to distribute its funds throughout the United States. The relevant agency agreement with Obopay provided Payza with the required licensing to operate and provide services to its customers, like Plaintiff, in the United States.

12.     In July 2012, Obopay was put up for sale and was subsequently on the verge of bankruptcy by end of 2012.

13.     In January 2013, Payza itself <u>invested</u> in Obopay to keep it in operation and to ensure it continued to provide the necessary licenses for Payza's US operations.

14.      Payza belatedly attempted to work with Obopay's partners to bring the agency agreement into compliance with U.S. regulations.  Upon information and belief, the agreement was never in compliance with U.S. regulations even following these efforts.

15. Upon information and belief, Payza knew or should have known that its agency agreement with Obopay was never in compliance with U.S. law.

16. Upon information and belief, Payza likewise knew or should have known that Obopay was an illegitimate provider of the banking services Payza sought to perform through an agency relationship and failed to undertake any reasonable investigation whatsoever to discovery as much. Indeed, Obopay has been sanctioned by state licensing agencies in at least the State of Kentucky.

17. Upon information and belief, Payza nevertheless transferred the client funds of Payza's US members, including Plaintiff, to Obopay's account for Payza's own benefit without taking appropriate inventory of the consequences to Payza's customers, including Bidxcel and Plaintiff.

18. Obopay eventually issued a termination letter to Payza, which included immediate suspension of the agency agreement.

19. Payza and Obopay have failed and/or refused, to date, to return the funds to Plaintiff to which he is entitled.

20. Defendant Payza has already been successfully sued and a judgment obtained in Canada based on similar actions as alleged herein for approximate $1,000,000.00.

21. Defendants both remain under investigation by the DOJ.

## COUNT I: FRAUD

22. Plaintiff repeats and reiterates by reference the allegations contained in paragraphs 1-21 as if more fully set forth herein at length.

23. Defendants, acting in concert, held themselves out to Plaintiff to be, and continue to hold themselves out to be, providers of financial transaction services.

24. Plaintiff and Bidxcel justifiably relied on Defendants in signing up and paying for Defendants' services.

25. Defendants' representations and/or concealments were false.  They did not even have the correct licensing to perform the services they did, and, to date, have refused to pay Plaintiff and/or Bidxcel the money to which they are entitled.

26. As a direct and proximate result of Defendants' fraud, Plaintiff is entitled to damages in excess of $75,000.00.

## COUNT II: NEGLIGENT MISREPRESENTATION

27. Plaintiff repeats and reiterates by reference the allegations contained in paragraphs 1-26 as if more fully set forth herein at length.

28. Defendants, in operating in concert what essentially amounted to an online financial institution, knew or should have known that its customers, such as Plaintiff, would rely on them to release payments when requested.

29. Defendants breached that duty to Plaintiff or Bidxcel by operating in an unlicensed manner and refusing to release customer funds to Plaintiff or Bidxcel when requested.

30. As a direct and proximate result of Defendants' negligent misrepresentation, Plaintiff is entitled to damages in excess of $75,000.00.

### COUNT III: TORTIOUS INTERFERENCE WITH CONTRACT

31. Plaintiff repeats and reiterates by reference the allegations contained in paragraphs 1-30 as if more fully set forth herein at length.

32. Upon information Defendants knew that Bidxcel's customers were using Defendants' services to contract for the purchase of products from Bidxcel, and that the resulting money would be transferred to Defendants.

33. Defendants, without justification, refused to pay Plaintiff or Bidxcel the money owed to them in the account at issue thereby interfering with the contracts between Plaintiff and/or Bidxcel and their customers.

34. As a direct and proximate result of Defendants' tortious interference, Plaintiff suffered damages in excess of $75,000.00.

### COUNT IV: BREACH OF CONTRACT

35. Plaintiff repeats and reiterates by reference the allegations contained in paragraphs 1-34 as if more fully set forth herein at length.

36. Bidxcel and Plaintiff contracted with Defendants to provide it with online financial transactional services, and, upon information and belief and the facts already stated, Obopay was an intended third-party beneficiary of the contract. A copy of the contract is attached as Ex. A.

37. Bidxcel and Plaintiff fully performed their obligations under the contract including paying transaction fees to Defendants.

38. Defendants breached the contract by failing to pay Plaintiff and Bidxcel the amounts Plaintiff and/or Bidxcel were owed under the contract.

39. As a direct and proximate result of Defendants' breach of contract, Plaintiff is entitled to damages in excess of $75,000.00.

## COUNT V: PROMISSORY ESTOPPEL/UNJUST ENRICHMENT

40. Plaintiff repeats and reiterates by reference the allegations contained in paragraphs 1-39 as if more fully set forth herein at length.

41. Defendants held themselves out to be and represented to Plaintiff and/or Bidxcel that they were reputable providers of online transactional services.

42. Defendants charged Plaintiff for their transactional services and profited from those services.

43. Defendants, in fact, were not such providers despite Bidxcel and/or Plaintiff's reliance on Defendants' representations.

44. As a direct and proximate result of Defendants' unjust enrichment and/or promissory estoppel, Plaintiff is entitled to damages in excess of $75,000.00.

## COUNT VI: CONVERSION

45. Plaintiff repeats and reiterates by reference the allegations contained in paragraphs 1-44 as if more fully set forth herein at length.

46. Plaintiff is entitled to either: (1) the amount of funds deposited in the account at issue; or (2) the value of Bidxcel's products that Defendants, essentially, caused to be unlawfully converted because Defendants operated illegally and in such a way that caused Plaintiff and/or Bidxcel not to be paid for the value of the products by its customers.

47. Plaintiff and/or Bidxcel repeatedly demanded compensation from Defendants.

48. Defendants refused to compensate Plaintiff and/or Bidxcel without justification.

49. As a direct and proximate result of Defendants' conversion, Plaintiff is entitled to damages in excess of $75,000.00.

## COUNT VII: VIOLATION OF GBL §249

50. Plaintiff repeats and reiterates by reference the allegations contained in paragraphs 1-50 as if more fully set forth herein at length.

51. N.Y. GBL § 349(a) provides that "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

52. Defendants purported to offer consumer services.

53. Defendants' acts and practices were misleading in material respects.

54. Plaintiff was damaged as the result of the acts and practices of Defendants.

55. N.Y. GBL § 349(h) provides of the recovery of reasonable attorneys' fees arising out of a violation of the statute.

56. As a direct and proximate result of Defendants' violation of GBL §249, Plaintiff is entitled to damages in excess of $75,000.00 plus statutory attorneys' fees.

WHEREFORE, Plaintiff requests that he be awarded an amount in excess of $75,000.00 for his economic and non-economic damages. In addition, Plaintiff requests that he be awarded: (1) prejudgment and/or post judgment interest; (2) attorneys' fees and

costs incurred in this action; (3) punitive damages due to Defendants' willful and malicious conduct; and (4) all other relief that the Court deems appropriate.

Dated:    16 September 2015
          New York, NY

Yours, etc.,

_/S/_____
Dayton P. Haigney (DH-3455)
**Local Counsel for Plaintiff**
233 Broadway, Suite 2348
New York, NY 10279
(212) 557-5590
DPHLAW@msn.com

Joseph Russell (JR-1946)
**Counsel for Plaintiff**
*Pro Hac Vice* Admission Pending
Campinha Bacote LLC
Two Miranova Place, Suite 500
Columbus, OH 43215
(513) 432-7377
Joe.Russell@CamBacLaw.com